UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAVIER MILLIQUIPAY SANTIBANEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>INTER-AMERICAN COMMISSION )<br>ON HUMAN RIGHTS, )<br>)<br>Defendant. ) | Civil Action No.  22-2992 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is lacking).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The subject-matter jurisdiction of the federal district courts is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v.*

1

*Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).   A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).

The instant complaint, only part of which is in English, is brought against the  Inter-American Commission on Human Rights, an "autonomous organ of the Organization of American States," https://www.oas.org/en/iachr/.  To the extent intelligible, the complaint arises from Defendant's alleged failures in investigating and/or pursuing Plaintiff's claims of "racial persecution and discrimination" by "four branches of [the] government of Chile[.]"  Compl. at 2.  Plaintiff has not identified, much less established, the basis of federal court jurisdiction.  Consequently, this case will be dismissed by separate order.

Date: October 24, 2022

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge